**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. **01 - 03409**

ROBERT A. DURCHSLAG

**CIV - HUCK** MAGISTRATE JUDGE
BROWN

Plaintiff

vs.

BRAMAN IMPORTS, INC. a Florida
corporation, d/b/a: Braman Honda,
MARIO MURGADO, MICHAEL
AGUILERA, CHARLES ALLEN, and
FRANKLIN ROIG, JR., Detective, Miami-Dade
Police Department,

Defendants

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ROBERT A. DURCHSLAG, ("DURCHSLAG"), sues Defendants, BRAMAN

IMPORTS, INC., a Florida corporation, d/b/a: Braman Honda, ("BRAMAN"), MARIO

MURGADO, ("MURGADO"), MICHAEL AGUILERA, ("AGUILERA"), CHARLES ALLEN,

("ALLEN"), and FRANKLIN ROIG, JR., ("DETECTIVE ROIG"), and as grounds alleges:

### JURISDICTION and VENUE:

1.   This is an action for damages violation of civil rights, among other claims, and

arises under the United State Constitution, particularly under the provisions of the 14th

Amendment to the Constitution of the United States, and under Federal Law, particularly the

Civil Rights Act, 42 U.S.C. § 1983., 42 U.S.C § 1988[1].

_____

[1] DURCHSLAG has claims under state law that are also presented in this Complaint.

DURCHSLAG vs. BRAMAN, et al
Case No.

2.      This Court has jurisdiction of this cause under and by virtue of Title 28 of the
United States Code, Section 1343.

3.      Venue is proper in the Southern District of Florida, as Plaintiff is a resident of
Broward County, Florida, all Defendants are residents of Dade County, Florida, all actions
complained of in this complaint occurred either in Dade or Broward County, Florida.

4.      All conditions precedent to the bringing of this action have either occurred or have
been waived.

## ALLEGATIONS COMMON TO ALL COUNTS

5.      DURCHSLAG is and was at all times material hereto an adult over the age of 18
years, a resident of Broward County, Florida and otherwise sui juris.

6.      BRAMAN is a corporation organized and existing by virtue of the laws of the
State of Florida, having it's principal place of business in Miami-Dade County, Florida.

7.      MURGADO is and was at all times material hereto an adult over the age of 18
years, a resident of Miami-Dade County, Florida and otherwise sui juris.

8.      AGUILERA is and was at all times material hereto an adult over the age of 18
years, a resident of Miami-Dade County, Florida and otherwise sui juris.

9.      ALLEN is and was at all times material hereto an adult over the age of 18 years, a
resident of Miami-Dade County, Florida and otherwise sui juris.

10.     DETECTIVE ROIG is and was at all times material hereto an adult over the age
of 18 years, a resident of Miami-Dade County, Florida and otherwise sui juris.

2

DURCHSLAG vs. BRAMAN, et al
Case No.

## COUNT I

## VIOLATION OF CIVIL RIGHTS

11.    On or about March 7, 2000, DURCHSLAG was hired by BRAMAN for the
position of finance manager, and promoted to desk manager on April 2, 2000. Among his
responsibilities, DURCHSLAG was responsible for reduction of accounts receivable on car
purchases already made and to reduce the time the customer spent in BRAMAN from the time
the customer entered the business until the sale was consummated, including financing the
transaction.

12.    During his term of employment, DURCHSLAG reduced the accounts receivable
from in excess of $4,000,000.00 dollars to $683,000.00 and reduced the customer time from in
excess of four (4) hours to just over two (2) hours, by streamlining the paperwork process
involved in originating and financing the automobile purchase.

13.    During his term of employment, DURCHSLAG also identified sales practices,
including areas of financing, that DURCHSLAG knew to be illegal, including, but not limited to:
1) false information on loan applications regarding income, credit worthiness and other financial
relationships, all in an effort to qualify buyers that were known to be otherwise unqualified; 2)
the false loan applications were then submitted to lenders, with an indemnity by BRAMAN to
repurchase the loans upon default, thereby protecting BRAMAN from any investigation
concerning the application by the lender; 3) and, on occasion, false information concerning

3

DURCHSLAG vs. BRAMAN, et al
Case No.

familial relationships was included on loan applications in support of obtaining financing through
a credit union, when financing the loan through commercial lenders was not possible. The result
of the false information was to finance automobile sales that were otherwise not qualified for
financing, thereby increasing sales and income to BRAMAN.

14.    DURCHSLAG reported the fraudulent practices he discovered to his immediate
supervisors, ALLEN, the finance director of BRAMAN, MURGADO, the chief executive officer
and president of BRAMAN, and AGUILERA, the comptroller for BRAMAN. ALLEN,
MURGADO, and AGUILERA informed DURCHSLAG that he need not worry about the
practices as they were being addressed and rectified.

15.    DURCHSLAG had a lease of a Land Rover that had expired and informed
MURGADO and ALLEN of his desire to lease a Mercedes Benz, SL 500 sport. On April 25,
2000, MURGADO informed DURCHSLAG that he, MURGADO, had two (2) such vehicles and
suggested DURCHSLAG lease one (1) of these vehicles from MURGADO. DURCHSLAG
informed MURGADO these vehicles were not exactly what he was looking for and MURGADO
and ALLEN agreed to have BRAMAN purchase the exact vehicle DURCHSLAG wanted from
Bill Ussery Mercedes, a Miami dealership. On April 28, 2000, BRAMAN issued a check, signed
by ALLEN and AGUILERA, to Bill Ussery Mercedes for purchase of the vehicle. A 2000
Mercedes Benz, SL 500, vin # WDBFA68F4YF193585, was delivered to BRAMAN for lease by
DURCHSLAG, who was given delivery of the vehicle pursuant to the lease agreement.
DURCHSLAG paid for the activation of the Tel-Aid vehicle locator system with Mercedes Benz

4

DURCHSLAG vs. BRAMAN, et al
Case No.

and obtained his own State Farm Insurance policy on the vehicle through his agent, Bruce J.
Diener, in Brookfield, Wisconsin. Thereafter, the vehicle was used by DURCHSLAG during his
employment with BRAMAN and thereafter until coming into the possession of the police, the
circumstances of which will be more fully set forth below.

16.    On or about April 2, 2000, DURCHSLAG was promoted to Control Desk
Manager by MURGADO and within a week or two of his promotion, DURCHSLAG observed
that the fraudulent loan practices were continuing, despite his disclosure of the same to
BRAMAN, MURGADO, AGUILERA, and ALLEN. DURCHSLAG informed ALLEN that he
intended to resign from BRAMAN as DURCHSLAG would not be party to these activities. On
May 13, 2000, DURCHSLAG tendered his written resignation, to be effective May 19, 2000.
On May 17, 2000, MURGADO and ALLEN met with DURCHSLAG at MURGADO's
residence during a lunch meeting and requested DURCHSLAG to reconsider and stay with
BRAMAN. DURCHSLAG declined for the reasons previously stated and, in the presence of
ALLEN, left BRAMAN in his leased vehicle on May 19, 2000.

17.    On May 20, 2000 and May 22, 2000, ALLEN had telephone contact with
DURCHSLAG concerning work matters, and at no time mentioned the leased vehicle in
DURCHSLAG's possession.

18.    On May 25, 2000, BRAMAN attempted to report the leased vehicle stolen but
was unable to do so as the Certificate of Origin had not yet been delivered. The Certificate of
Origin was obtained later that same day and a grand theft auto Offense-Incident Report was filed

5

DURCHSLAG vs. BRAMAN, et al
Case No.

with Miami-Dade Police Department, by AGUILERA, claiming DURCHSLAG had stolen the
vehicle, despite the fact that BRAMAN, MURGADO, AGUILERA and ALLEN knew the report
to be false.

19.    DETECTIVE ROIG attempted to contact DURCHSLAG through family and
friends. DURCHSLAG was in Wisconsin at the time and was notified the police were
attempting to contact him. DURCHSLAG made telephone contact with DETECTIVE ROIG,
who informed DURCHSLAG that the vehicle had been reported stolen and needed to obtain
possession of the vehicle and to discuss the matter with DURCHSLAG in person.
DURCHSLAG denied the vehicle was stolen and provided BRAMAN with the exact location of
the vehicle at the Fort Lauderdale Airport parking garage. The vehicle was recovered there.

20.    Approximately ten (10) days after the vehicle was recovered, a stolen vehicle
claim was filed with DURCHSLAG's insurance agent in Wisconsin by a "police officer" seeking
insurance compensation for the "stolen vehicle."

21.    Just prior to his employment with BRAMAN, DURCHSLAG had been arrested in
Broward County, Florida and placed on probation for fleeing a police officer and child abuse, as
a result of having his children in the vehicle when he fled.

22.    DURCHSLAG returned to Florida and was arrested on the auto theft charge by
DETECTIVE ROIG and was granted a bond of $50,000.00 in Dade County in September, the
Defendants sought violation of DURCHSLAG'S probation and DURCHSLAG was granted bond
of $2,000.00 from the Broward County, charges. DETECTIVE ROIG, BRAMAN, MURGADO,

6

DURCHSLAG vs. BRAMAN, et al
Case No.

and ALLEN contacted the Broward County State Attorney and sought to have the Broward
County bond revoked and a violation of the Broward County probation. Initially, the Broward
County State Attorney and Probation Officer took the position there was no violation of the
probation. Following insistence from the Defendants, the Broward County State Attorney
reversed its position, despite insistence from the Probation Officer and legal opinion from the
State of Florida Probation Department that no violation had occurred, and violated
DURCHSLAG's probation, resulting in an incarceration in Broward County Jail for a period of
seven (7) months.

23.     As a result of the violation proceeding, DURCHSLAG hired Bo Hitchcock, Esq.,
a criminal attorney and his investigator, Cary Kultau, to gather evidence on behalf of
DURCHSLAG. During the course of the investigation, documents surfaced that prove the
vehicle was leased and not stolen, that BRAMAN, MURGADO, ALLEN and AGUILERA knew
the vehicle was not stolen and DURCHSLAG was informed that DETECTIVE ROIG was
receiving income from BRAMAN as an independent contractor, allegedly providing a cleaning
service to BRAMAN. When all this evidence was presented to the Dade County State Attorney
during a meeting of the parties, the State Attorney dropped all charges against DURCHSLAG
and refused to prosecute him for the alleged auto theft.

24.     BRAMAN, MURGADO, ALLEN and AGUILERA as agents and willful
participants for and with significant aid from DETECTIVE ROIG, while acting under the color
of his authority as an auto theft detective for Dade County, and within the course and scope of his

7

DURCHSLAG vs. BRAMAN, et al
Case No.

employment, deprived DURCHSLAG, a citizen of the United States, of his rights, privileges, or immunities secured by the Constitution and laws through the filing, investigation and promulgation of a false police report, arrest and incarceration for an alleged crime they knew, or though reasonable investigative methods similar to those employed by the investigator of the criminal attorney, should have known was false and without merit.

25.     As a direct result, DETECTIVE ROIG, individually and as an agent for Dade County, BRAMAN, MURGADO, ALLEN and AGUILERA, as agents of DETECTIVE ROIG, acting under color of authority and within the scope and course of his employment, knew or should have known their conduct was contrary to clearly established legal precedent such that a reasonable official and person would have known the specific conduct was illegal and would result in damages to DURCHSLAG.

WHEREFORE, DURCHSLAG demands a judgment for damages, compensatory and punitive, against DETECTIVE ROIG, BRAMAN, MURGADO, ALLEN and AGUILERA, together with costs, attorney's fees pursuant to 42 USC Section 1988 and such other and further relief as this Court may deem just and proper.

## COUNT II

## CONSPIRACY

DURCHSLAG realleges the allegations contained in paragraphs 1 through 23 above as if more fully set forth herein below.

26.     BRAMAN, MURGADO, ALLEN and AGUILERA had been informed by

8

DURCHSLAG vs. BRAMAN, et al
Case No.

DURCHSLAG of his findings of fraud on behalf of the employees of BRAMAN directed to
lenders in the sale and finance documents falsely prepared and delivered to finance the
automobile sales. When BRAMAN, MURGADO and ALLEN were unable to buy
DURCHSLAG's participation by offering him a promotion, or to purchase his participation by
offers of additional benefits and further promotions, BRAMAN, MURGADO. ALLEN and
AGUILERA became concerned that DURCHSLAG would resign and report the fraudulent
activity to the authorities.

27.    In an effort to discredit DURCHSLAG, BRAMAN, MURGADO, ALLEN, and
AGUILERA, together with the assistance of DETECTIVE ROIG, who was being paid by
BRAMAN, conspired to develop the scheme of reporting the vehicle purchased by BRAMAN
and leased by DURCHSLAG as being stolen by DURCHSLAG, knowing this report and arrest
would be sufficient grounds to violate DURCHSLAG's probation in Broward County, Florida
and result in his incarceration for up to fifteen (15) years.

28.    During the course of the investigation conducted by the criminal attorney's
investigator, it became clear that DETECTIVE ROIG, BRAMAN, MURGADO, ALLEN and
AGUILERA conspired to falsely claim the vehicle was stolen, and to use DETECTIVE ROIG,
who was being paid by BRAMAN, to direct the investigation to insure the false allegations
contained in the police report were promulgated to a conclusion satisfactory to the above named
Defendants, thereby insuring that DURCHSLAG would be incarcerated and lose all credibility in
the event DURCHSLAG reported his findings of fraudulent conduct on lenders to the authorities.

9

DURCHSLAG vs. BRAMAN, et al
Case No.

29.     In furtherance of the conspiracy to deny DURCHSLAG his civil rights,

AGUILERA filed the original police report on behalf of BRAMAN, DETECTIVE ROIG

investigated the alleged stolen auto report, taking the investigation where the conspirators desired

it to go, resulting in recovery of the vehicle and the incarceration of DURCHSLAG, MURGADO

provided information to the Broward County State Attorney, agreeing to fully cooperate in the

violation proceedings, including providing a value of the vehicle for restitution, and ALLEN

provided a false statement of theft to the Broward County State Attorney to be used in the

violation proceedings, all of which resulted in the incarceration of DURCHSLAG, just as

planned..

30.     As a result of the conspiracy of DETECTIVE ROIG, AGUILERA, BRAMAN,

MURGADO and ALLEN, DURCHSLAG has been damaged.

WHEREFORE, DURCHSLAG demands judgment against DETECTIVE ROIG,

AGUILERA, BRAMAN, MURGADO and ALLEN, both compensatory and punitive, costs and

such other and further relief as this Court may deem just and proper.

### COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

DURCHSLAG realleges the allegations contained in paragraph 1 through 22 and

paragraphs 27 through 29 as if more fully set forth herein below.

31.     The foregoing actions taken by DETECTIVE ROIG, AGUILERA, BRAMAN,

MURGADO and ALLEN were intentional, malicious, outrageous and executed with a blatant

10

disregard for the rights of DURCHSLAG and were taken for the express purpose of causing discredit to DURCHSLAG.

32.     The foregoing intentional and outrageous actions taken by DETECTIVE ROIG, AGUILERA, BRAMAN, MURGADO and ALLEN, all of which were known to be false and designed to expose DURCHSLAG to discredit and cause him to suffer as a direct result of the arrest and seven (7) month incarceration in the Broward County Jail, thereby intentionally causing emotional distress to DURCHSLAG.

33.     The foregoing intentional and outrageous actions taken by DETECTIVE ROIG, AGUILERA, BRAMAN, MURGADO and ALLEN were expressly designed to cause and did in fact cause severe emotional distress to DURCHSLAG.

WHEREFORE, DURCHSLAG demands judgment against DETECTIVE ROIG, AGUILERA, BRAMAN, MURGADO and ALLEN for damages, compensatory and punitive, costs and such other and further relief as this Court may deem just and proper.

## COUNT IV

## NEGLIGENT SUPERVISION

DURCHSLAG realleges the allegations contained in paragraph 2 through 8 and 11 through 24.

34.     BRAMAN owed a duty to DURCHSLAG to properly supervise the actions and activities of its employees.

35.     BRAMAN breached the duty owed to DURCHSLAG by failing to properly

11

DURCHSLAG vs. BRAMAN, et al
Case No.

supervise the action of its employees, MURGADO, ALLEN and AGUILERA by allowing them
to file and pursue a false police report of auto theft against DURCHSLAG.

36.     As a direct result of the negligence of BRAMAN to properly supervise its
employees, DURCHSLAG was falsely accused of auto theft, incarcerated and spent seven (7)
months in the Broward County Jail, all as a result of the unsupervised actions of BRAMAN's
employees.

37.     DURCHSLAG has been damaged as a direct result of the negligence of
BRAMAN.

WHEREFORE, DURCHSLAG demands judgment against BRAMAN for damages,
costs, compensatory and punitive, and such other and further relief as this Court may deem just
and proper.

## COUNT V

## UNPAID WAGES

DURCHSLAG realleges the allegations contained in paragraphs 1-23 above as if more
fully set forth fully herein below.

38.     During the term of his employment, DURCHSLAG was entitled to wages in the
form of commission and bonuses.

39.     At the time of his resignation, DURCHSLAG had earned wages in the form of
commissions and bonuses for the month of May, 2000.

40.     Despite demand, BRAMAN has failed to pay DURCHSLAG his wages in the

12

DURCHSLAG vs. BRAMAN, et al
Case No.

form of commissions and bonuses for the month of May, 2000.

41.    As a result of the foregoing, DURCHSLAG has been damaged

WHEREFORE, DURCHSLAG demands judgement against BRAMAN for damages,

costs, attorneys' fees pursuant to Florida Statute 448.08 and further relief as this Court deems just

and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule38 (b), F.R.C.P, DURCHSLAG demands trial by jury of all issues

triable of right by a jury.

**WILLIAM F. COBB, ESQ.**
Co-Counsel for Plaintiff
2586 Southeast 8th Street
Pompano Beach, Florida 33062
(954) 781-8717 - Telephone
(954) 781-2208 - Facsimile

By _____
WILLIAM F. COBB, ESQ.

**HOUSTON & SHAHADY, P.A.**
Co-Counsel for Plaintiff
316 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(954) 779-3800 - Telephone
(954) 779-3808 - Facsimile

By _____
THOMAS R. SHAHADY, ESQ.

13

JS 44
(Rev 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

**I. (a) PLAINTIFFS**  01 - 03

ROBERT A. DURCHLAG

**CIV - HUCK**

MAGISTRATE JUDGE
BROWN

**DEFENDANTS** Braman Imports, Inc., a Florida corp., d/b/a Braman Honda, Mario Murgadeo, Michael Aguilera, Charles Allen and Franklin Roig, Jr., Detective, Miami-Dade Police Department.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Broward_
(EXCEPT IN U S PLAINTIFF CASES)

HUCK Brown

A : I : 0 I CV 3409

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  DADE
(IN U S PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(C)** ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)
Thomas R. Shahady          William F. Cobb, Esq.
316 NE 4th Street          2586 SE 8th Street
Fort Lauderdale, FL 33301 Pompano Beach, FL 33062

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE  DADE  MONROE,  BROWARD,  PALM BEACH,  MARTIN  ST LUCIE,  INDIAN RIVER,  OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION    (PLACE AN X IN ONE BOX ONLY)

□ 1 U S Government
Plaintiff

☑ 3 Federal Question
(U S Government Not a Party)

□ 2 U S Government
Defendant

□ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | ☑ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 8 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original
Proceeding

□ 2 Removed from
State Court

□ 3 Remanded from
Appellate Court

□ 4 Reinstated or
Reopened

□ 5 another district
(specify)

Transferred from

□ 6 Multidistrict
Litigation

□ 7 Magistrate
Judgment

Appeal to District
Judge from

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 151 Medicare Act<br>□ 152 Recovery of Defaulted Student Loans (Excl Veterans)<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholders Suits<br>□ 190 Other Contract<br>□ 195 Contract Product Liability | **PERSONAL INJURY**<br>□ 310 Airplane<br>□ 315 Airplane Product Liability<br>□ 320 Assault Libel & Slander<br>□ 330 Federal Employers Liability<br>□ 340 Marine<br>□ 345 Marine Product Liability<br>□ 350 Motor Vehicle<br>□ 355 Motor Vehicle Product Liability<br>□ 360 Other Personal Injury | **PERSONAL INJURY**<br>□ 362 Personal Injury - Med Malpractice<br>□ 365 Personal Injury - Product Liability<br>□ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>□ 370 Other Fraud<br>□ 371 Truth in Lending<br>□ 380 Other Personal Property Damage<br>□ 385 Property Damage Product Liability | □ 610 Agriculture<br>□ 620 Other Food & Drug<br>□ 625 Drug Related Seizure of Property 21 USC 881<br>□ 630 Liquor Laws<br>□ 640 R R & Truck<br>□ 650 Airline Regs<br>□ 660 Occupational Safety/Health<br>□ 690 Other<br>**A LABOR**<br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt Relations | □ 422 Appeal 28 USC 158<br>□ 423 Withdrawal 28 USC 157<br>**A PROPERTY RIGHTS**<br>□ 820 Copyrights<br>□ 830 Patent<br>□ 840 Trademark<br>**B SOCIAL SECURITY**<br>□ 861 HIA (1395ff)<br>□ 862 Black Lung (923)<br>□ 863 DIWC/DIWW (405(g))<br>□ 864 SS D Title XVI<br>□ 865 RSI (405(g)) | □ 400 State Reapportionment<br>□ 410 Antitrust<br>□ 430 Banks and Banking<br>□ 450 Commerce/ICC Rates/etc<br>□ 460 Deportation<br>□ 470 Racketeer Influenced and Corrupt Organizations<br>□ 810 Selective Service<br>□ 850 Securities/Commodities/Exchange<br>□ 875 Customer Challenge 12 USC 3410<br>□ 891 Agricultural Acts<br>□ 892 Economic Stabilization Act<br>□ 893 Environmental Matters<br>□ 894 Energy Allocation Act<br>□ 895 Freedom of Information Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | □ 730 Labor/Mgmt Reporting & Disclosure Act | | □ 900 Appeal of Fee Determination Under Equal Access to Justice |
| □ 210 Land Condemnation<br>□ 220 Foreclosure<br>□ 230 Rent Lease & Ejectment<br>□ 240 Torts to Land<br>□ 245 Tort Product Liability<br>□ 290 All Other Real Property | □ 441 Voting<br>□ 442 Employment<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>☑ 440 Other Civil Rights | □ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS**<br>□ 530 General<br>□ 535 Death Penalty<br>□ 540 Mandamus & Other<br>□ 550 Civil Rights<br>□ 555 Prison Condition | □ 740 Railway Labor Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS**<br>□ 870 Taxes (U S Plaintiff or Defendant)<br>□ 871 IRS – Third Party 26 USC 7609 | □ 950 Constitutionality of State Statutes<br>□ 890 Other Statutory Actions<br>A OR B |

## VI. CAUSE OF ACTION    (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

LENGTH OF TRIAL
via _7_ days estimated (for both sides to try entire case)    VIOLATION  OF 42 USC SECTION 1983

**VII. REQUESTED IN
COMPLAINT:**   CHECK IF THIS IS A CLASS ACTION
□ UNDER F R C P 23

DEMAND $ 10,000.00   CHECK YES only if demanded in complaint
**JURY DEMAND:**   ☑ YES   □ NO

**VIII. RELATED CASE(S)** (See instructions)
IF ANY          JUDGE ___          DOCKET NUMBER ___

DATE
8/30/1

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  52 3012   AMOUNT 150   APPLYING IFP ___  8/3/01   JUDGE ___